THE PEOPLE OF THE STATE OF NEW YORK. RESPONDENTS, *v.* MICHAEL McTAMENEY, APPELLANT.

*Petit larceny — one indicted for grand larceny may be found guilty of petit larceny in the Court of Sessions — Code of Criminal Procedure, sec. 56 — the punishment for petit larceny is prescribed by sec. 15 of the Penal Code—2 R. S., 690, section 1.*

Section 56 of the Code of Criminal Procedure conferring upon Courts of Special Sessions exclusive jurisdiction to hear and determine charges of petit larceny, charged as a first offense, does not take from a jury in the Courts of Oyer and Terminer and of Sessions power to find guilty of petit larceny one who has been indicted and tried before such court for grand larceny.

One convicted of petit larceny committed since the passage of the Penal Code is to be punished by an imprisonment of not more than a year or a fine of $500, or both, as prescribed in section 15 thereof. The punishment prescribed by section 1 of 2 Revised Statutes, 690, is inconsistent with that prescribed by the Penal Code, and is repealed by section 726 thereof.

APPEAL from a judgment of the Court of Sessions of Ulster county, adjudging the defendant guilty of petit larceny and sentenc-

ing him to imprisonment at hard labor in the Albany penitentiary for the term of one year.

The defendant was indicted and tried for grand larceny.

*Augustus H. Van Buren*, for the appellant.

*A. T. Clearwater*, district attorney, for the respondent.

LEARNED, P. J.:

The Penal Code, section 528, defines larceny; sections 530 and 531 define grand larceny in the first and second degrees, and section 532 declares every other larceny to be petit larceny. The prisoner was indicted for grand larceny and was convicted of petit larceny. We think that this was proper, under sections 444 and 445, Code of Criminal Procedure. The offense of which he was convicted was of a degree inferior to that of which he was indicted. And we do not think that section 56 of that same Code is to be construed to take from a jury in the Courts of Oyer and Terminer and of the Sessions the power to find a verdict of petit larceny, when the prisoner has been indicted for grand larceny, and is on trial before them for that crime. If such construction were to be given to that section and if such a jury should be obliged to acquit, in case they were satisfied the stolen property was not of the value of more than twenty-five dollars, probably the prisoner could not thereafter be tried for such stealing,

The next question is as to the length of the sentence. The sections of the Penal Code above cited are intended to take the place of 2 Revised Statutes, m. p. 679, section (63), and 690, section 1 Section 535 declares that petit larceny is a misdemeanor; meaning petit larceny as in that Code defined. Section 719 declares that an offense specified in the Code, committed after, etc., must be punished according to the provisions of that Code. Section 15 declares the punishment for misdemeanors to be imprisonment for not more than a year, or a fine of $500, or both, unless some other punishment is specially prescribed by the Code or by some other statutory provision. No other punishment is specially prescribed by the Code for petit larceny, and none by any other statute, unless 2 Revised Statutes, m. p. 690, section 1, etc., be in force. This Penal Code is a general statute, intended to define nearly all offenses and to prescribe the pun-

ishment. Section 726 repeals all inconsistent acts, so far as they impose any punishment for crime. The penalty imposed by the section of the Revised Statutes above cited, is certainly inconsistent with that imposed by the Code. It cannot be understood that the exception made in section 15 of the Penal Code was to take away the effect of section 726. The argument of the prisoner is that whenever a punishment had been prescribed for a misdemeanor previously to the Penal Code, which was not in express and specific language repealed, that punishment remains in force. Now, if we turn to 2 Revised Statutes, m. p. 697, section 40, we find a provision for the punishment of all misdemeanors, of which the punishment is not prescribed by some other statutes. Therefore, according to the argument of the prisoner, a punishment is specially prescribed for every misdemeanor. And, therefore, every misdemeanor is excepted from section 15 of the Penal Code. This is plainly unreasonable.

Again, the definitions of larceny in the Penal Code, are not identical (in language) with those in the Revised Statutes. Therefore, that part of section 1, 2 Revised Statutes, m. p. 690, which defines petit larceny, is not in force. Why, then, the residue of the section?

The prisoner's position, if correct, would apply apparently to other cases of misdemeanors. For instance, section 651 of the Penal Code declares certain interferences with gas-meters to be a misdemeanor, but prescribes no penalty. This section is substantially the act of 1854, chapter 109, sections 1 and 2, by which the crime was declared and a penalty prescribed of six months' imprisonment and a fine of $250. Are we to understand then, that a violation of section 651, Penal Code, is not punishable under section 15 of that same Code, but that the penalty prescribed in the act of 1854 is in force? Under such a construction the Penal Code would cease to be a complete system as it was intended to be. (Sec. 7.)

The judgment and conviction should be affirmed.

Bookes and Boardman, JJ., concurred.

Judgment and conviction affirmed.